## MANUEL M. SILVA v. ROBERT HIND, LIMITED, AN HAWAIIAN CORPORATION DOING BUSINESS AS HIND-CLARKE DAIRY, ET AL.

### No. 2116.

FILED JANUARY 15, 1934.                    DECIDED JANUARY 25, 1934.

PERRY, C. J., BANKS AND PARSONS, JJ.

*Per Curiam.* Respondents petition for a rehearing. The first ground is that "in rendering its decision of January 5, 1934, this court failed to consider the question of the insufficiency of appellee's tender." It is true that the respondents' contention that the tender was insufficient was not referred to in the written opinion which was filed; but the contention was not overlooked. It was regarded as unfounded. The allegation in the bill was that prior to the commencement of this suit petitioner offered to return

and tendered to the respondents "the said sum of eighty-four dollars ($84.00), paid to him as aforesaid, together with interest on said sum in the sum of thirteen dollars one cent (13.01), but the said respondents and each of them did refuse to accept said offer" and tender; and it was further stated in the bill that "petitioner now offers to pay to * * * respondents * * * the said sum of eighty-four dollars ($84.00) together with said interest, at any time they may wish the same, or whenever required by court." At the trial the plaintiff's attorney testified that he had tendered to the respondents the $84 "plus $13 and some cents" interest, and that the tender was refused. He also said, "If there is any question about it I now tender the amount of $20, which ought to cover the doctor's bill." The trial judge said in his written decision, "The evidence also agrees upon the fact that the doctor's bill amounting to $15.00 was to be paid by the insurer;" but he made no specific finding as to whether the insurer did pay the doctor's bill of $15. He concluded by saying that cancellation will be "conditioned upon the return or tender to said Robert Hind, Limited, of said sum of $84.50 with interest thereon from January 26, 1931, to the date of said tender," omitting any reference to the necessity of a tender of the amount of the doctor's bill. On the day of rendition of the decision by the trial judge the petitioner filed written notice that he had tendered the respondents "the sum of eighty-four dollars fifty cents ($84.50) together with interest in the sum of twenty dollars ($20.00) and that said tender * * * was refused." While there was a technical error of fifty cents in the allegation and proof of the amount tendered to compensate the insurer for the sum which he had paid to the petitioner for the wages which he had lost and while there is some confusion in the record as to the finding of the circuit judge relating to the payment or nonpayment

of the doctor's bill by the insurer, the petitioner made it abundantly clear by his pleading and by testimony in his behalf that he is able and willing to reimburse the insurer for any sum or sums which he has paid to or for the petitioner. This is not an action at law. Tender is not made necessary by any terms of a contract. A tender is made necessary, in this suit at equity, only because of the principle that he who seeks equity must do equity. In such a case it is not necessary that there be an allegation of a tender. Any mere error in the amount of the tender made before commencement of the suit cannot operate to defeat the right of the plaintiff to a cancellation of the release. If it appears, as it clearly does, that the petitioner is ready to do equity the rights of the respondents can be sufficiently secured and protected by providing in the decree to be entered in this court that the relief granted is conditioned upon the petitioner's returning to the respondents the moneys which he received from them.

The second ground of the petition for rehearing is that in its opinion of January 5, 1934, "this court stated that on the morning after the execution of the release 'the petitioner resumed the performance of his duties as conductor and motorman, but at the end of not more than one or two hours of service' he suffered the wrench in his back which caused the recurrence of the original injury—whereas the undisputed evidence shows that the release in question was signed on January 26, 1931, that petitioner did not return to work until January 29, 1931, and that he worked the entire day of the 29th and 30th, and that the recurrence of the injury did not occur until the 31st (Tr. pp. 12, 13)—which latter facts show that in fact appellee had recovered when he signed the release, or, in the alternative, that it failed to appear by clear and convincing evidence that there was any mistake as to that question." Whether the petitioner, after the execution

of the release, worked one or two hours only or worked two days and one or two hours before suffering the wrench in his back is entirely immaterial under the evidence in the case. The circuit judge attached no weight to the claim made at the trial that the "wrench" was a new and distinct injury. He said that that claim was "disproven and was apparently abandoned" and referred in that connection to the testimony of the petitioner and of other "witnesses of experience as motormen" to the effect that while at times they had received similar wrenches from like causes they had not been of sufficient severity to prevent their "continuing on duty." The finding of the circuit judge that the wrench and ensuing collapse merely evidenced one and the same original injury received when the petitioner was struck by the truck is abundantly sustained by the evidence. A finding that after the execution of the release the plaintiff sustained a new and distinct injury, not related to the earlier accident with the truck, would have been distinctly against the evidence and unsupported by any evidence more than a mere scintilla.

The sixth ground is that the court "failed to consider the point that it was incumbent upon appellee to plead and prove that he would not have executed the release had he known of the alleged mistake, and that this fatal defect could not be supplied by inference or speculation." We think that the evidence sufficiently showed, as stated in the former opinion, that the petitioner would not have executed the release had he known of the alleged mistake. His own testimony in effect amounts to that.

The third, fourth, fifth and seventh grounds are to the effect that the court failed to consider certain contentions advanced by the respondents and certain authorities cited by them. Neither points nor authorities were overlooked. They were all considered. The court adopted

the view of the law which it deemed correct.

The petition for rehearing is denied, under the rule, without argument.

*Robertson & Castle* for the petition.